WALDSTEIN, Appellant, *vs.* BREDELL & BALDWIN, Respondents.

1. Judgment reversed because the court instructed the jury that the plaintiff, who was suing for his services upon a *quantum meruit*, could not recover unless he proved a contract.

*Appeal from St. Louis Circuit Court.*

*H. N. Hart*, for appellant. There was no allegation of a special contract in the plaintiff's petition. He proceeded upon an implied contract to pay him what his work was reasonably worth. The instruction given was, therefore, erroneous.

*T. Polk*, for respondent. The new code does not dispense with the rule that the proof must correspond with the pleadings. The petition stated that the plaintiff rendered his services at the stipulated price of twelve dollars per week, but there was no such proof.

RYLAND, Judge, delivered the opinion of the court.

This was a petition for work and labor done by plaintiff for defendants, the particulars of all which, and the credits thereon,

will appear by an account filed with the petition, as follows :
" John C. Bredell & Smith Baldwin,

" To Joseph Waldstein, Dr.

" 1851, Feb'y 11th.   To work and labor from the
14th day of June, 1850, to the 28th day of
January, 1851, 32½ weeks, at $12 per
week,     -     -     -     -     -     -     $390 00
" Cr.   By cash at various times,   -     -     -     82 00

" To balance due,     -     -     -     -     $308 00"

The defendants answered, denying that they owed him any
thing ; and afterwards filed an additional answer, stating the
times the plaintiff worked for them, from such a day for so
many days, and then they paid, *toties quoties*, running on
through a considerable period—stating that they had paid him
for all his work, and that a dollar per day for the time the
plaintiff attended their glue manufactory, and a dollar per day
for the time he attended to their cotton factory, was as much as
plaintiff's work was reasonably worth.

I shall not notice the evidence, for the judgment below must
be reversed on account of the instruction given by the court to
the jury, which is as follows :

" In this case, the plaintiff charges for his services, as ren-
dered at the stipulated price of $12 per week ; it is, there-
fore, incumbent on him to prove to the satisfaction of the jury
that his services were rendered under a contract for $12 per
week."

This instruction was manifestly erroneous.   There was noth-
ing like a special contract alleged in the plaintiff's petition, nor
in the defendants' answer.   The account which the plaintiff
drew off and annexed to his petition, mentions the time of
commencement of the work and labor, and the end of the same,
and puts the price at $12 per week ; no pretence that there was
a special agreement to pay him that stipulated sum.

For this error the judgment must be reversed and the cause remanded ; and the other judges concurring herein, the same is reversed and this cause remanded for further proceedings.